IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DONTAVIOUS HEATH,<br><br>   Plaintiff,<br><br>v.<br><br>HARPER'S TREE & STUMP REMOVAL, INC. and DONALD RANDOLPH HARPER,<br><br>   Defendants. | Civil Action No.<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Dontavious Heath brings this action against Defendants Harper's Tree & Stump Removal, Inc. ("HTSR") and Donald Randolph ("Randy") Harper (collectively "Defendants") under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). He seeks unpaid overtime wages, liquidated damages, interest, and attorneys' fees and costs.

### NATURE OF THE ACTION AND SUMMARY OF ALLEGATIONS

1.      This is an action for unpaid overtime wages under the FLSA. Defendants violated the FLSA by improperly classifying Plaintiff as an independent contractor within the three years prior to the filing of this Complaint, and by failing to pay him overtime wages at one-and-one-half his regular rate when he worked in excess of forty (40) hours per week.

### JURISDICTION AND VENUE

2.      Pursuant to 28 U.S.C. § 1331, this Court has federal-question jurisdiction over this Complaint.

3.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.4 because a substantial part of the events and omissions giving rise to this Complaint

occurred within the Albany Division of the Middle District of Georgia, where Defendant HTSR has its principal office and Defendants employed Plaintiff.

## PARTIES

4. Plaintiff was employed by Defendants as a Crew Leader and Machine Operator from on or about September 2016 through on or about April 2020. Plaintiff was Defendants' "employee" within the definition of the FLSA at all times relevant to this Complaint.

5. Defendant HTSR is a Georgia for-profit corporation that is licensed to conduct business in Georgia and transacts business within the Middle District of Georgia. HTSR may be served with process via its registered agent, Randy Harper, at 2798 SR 26 East, Ellaville, Georgia 31806.

6. Defendant HTSR was Plaintiff's "employer" under the FLSA at all times relevant to this Complaint.

7. Defendant Donald Harper is the owner of Defendant HTSR. Mr. Harper conducts business in the Middle District of Georgia. On information and belief, Mr. Harper is a Georgia resident.

8. At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 207.

9. Upon information and belief, Defendant HTSR had gross annual revenues in excess of $500,000 at all relevant times.

10. At all relevant times, Defendant Donald Harper was Plaintiff's "employer" within the meaning of the FLSA because Mr. Harper: asserted control of Defendant HTSR's day-to-day

operations; had ultimate responsibility for the supervision of Plaintiff; and made the decision not to pay Plaintiff overtime wages, as required by the FLSA.

## **STATEMENT OF FACTS**

11. Defendant HTSR is in the business of trimming trees, as well as providing other tree-related landscaping services, such as stump removal and grinding.

12. From approximately September 2016 to April 2020, Defendants employed Plaintiff as a Crew Leader and Machine Operator.

13. Plaintiff remains employed by Defendants. However, Plaintiff has been on worker's compensation leave since April 2020 following an incident in which he was rear-ended while operating one of Defendants' tree-servicing machines.

14. Throughout the relevant time period, Defendants misclassified Plaintiff as an "independent contractor."

15. Plaintiff's primary duties were, generally: tree-trimming, stump removal and grinding; operating tree-servicing equipment provided by Defendant HTSR; onsite management of tree-servicing crews; and communicating with, and receiving directives from, supervisors and/or management throughout the workday.

16. Throughout the relevant time period during which Defendants misclassified Plaintiff as an independent contractor, Defendants paid him a set hourly rate for all time worked, including for all time worked in excess of 40 hours per week. Plaintiff's last hourly rate was $17.00.

17. Plaintiff worked at Defendants' facilities and/or in the field at the direction of, and using the tree-servicing equipment provided by, Defendants.

18. Defendants directed Plaintiff's day-to-day job activities by, *inter alia*, setting his regular work schedules, setting his rates of pay, assigning his work, and determining his work location.

19. Defendants provided materially all the investment in the facilities and equipment that Plaintiff used to perform his job, as well as all necessary training.

20. Plaintiff made little, if any, investment in Defendants' business enterprise.

21. Plaintiff's wages depended on the number of hours that he worked. Managerial skill and individual initiative were not material factors in Plaintiff's compensation because, *inter alia*, Plaintiff's job duties were assigned and controlled by Defendants, and he was compensated based on the number of hours that he worked.

22. Plaintiff worked substantial hours in excess of 40 per week.

23. Merely by way of example, Plaintiff worked well in excess of 40 hours per week in the weeks beginning on March 8, 2020, and March 29, 2020, and was not paid overtime at a rate of one-and-one-half his regular rate. These examples are based on a sample of Plaintiff's paystubs that are in his possession, and he will be able to identify substantially more workweeks in discovery after Defendants' records are produced.

24. Defendants knew or should have known that Plaintiff worked substantial hours in excess of 40 per week because Defendants had actual knowledge of Plaintiff's work hours, as Defendants used those hours to determine what Plaintiff was to be paid.

25. Additionally, Defendants had actual knowledge of Plaintiff's hours worked via their communications with, and supervision of, Plaintiff. These communications included, without limitation, in-person conversations and frequent phone contact through the workday.

26. Defendants did not compensate Plaintiff for all time worked in excess of 40 per week at the rate required by the FLSA, which is one-and-one-half his regular rate of pay.

27. Defendants' failure to pay Plaintiff one-and-one-half his regular rate of pay for all hours worked in excess of 40 per week was pursuant to a policy and practice that Defendants intentionally applied to Plaintiff.

28. Defendants' FLSA violations were willful and not in good faith.

## COUNT ONE
### Willful Failure Pay Overtime Wages in Violation of the FLSA

29. Plaintiff incorporates by reference all preceding paragraphs of the Complaint as if fully restated here.

30. Defendants engaged in a pattern, policy, and practice of violating the FLSA by failing to pay Plaintiff overtime at a rate of one-and-one-half his regular rate of pay for all time worked in excess of 40 per week.

31. At all relevant times, Plaintiff was engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 207.

32. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff.

33. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34. Throughout the relevant time period, Defendants misclassified Plaintiff as an independent contractor.

35. Throughout the relevant time period, Plaintiff regularly worked in excess of 40 hours per week.

36. Throughout the relevant time period, Defendants failed to pay Plaintiff at one-and-one-half his regular rate of pay for all hours worked in excess of 40 per week.

37. As a result of Defendants' willful failure to compensate Plaintiff at a rate of one-and-one-half his regular rate for hours worked in excess of 40 per week, Defendants violated the FLSA.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255(a).

39. Defendants did not make a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

40. Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages for all of the hours that he worked in excess of 40 per week, an additional and equal amount as liquidated damages for Defendants' willful violations of the FLSA, interest, and reasonable attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

b) Application of the FLSA's three-year statute of limitations;

c) An award of unpaid overtime compensation due under the FLSA;

d) An award of liquidated damages;

e) An award of prejudgment and post-judgment interest;

f) An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

g) Such other and further relief as this Court deems just and proper.

Respectfully submitted this 30th day of October 2020.

>*/s/ Justin M. Scott*
>Justin M. Scott
>Georgia Bar No. 557463
>Michael David Forrest
>Georgia Bar No. 974300
>Scott Employment Law, P.C.
>160 Clairemont Avenue, Suite 610
>Decatur, Georgia 30030
>Telephone: 678.780.4880
>Facsimile: 478.575.2590
>jscott@scottemploymentlaw.com
>mforrest@scottemploymentlaw.com
>
>Counsel for Plaintiff