**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

|  |  |  |
|---|---|---|
| DONTAVIUS HEATH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:20-CV-211 (LAG) |
| | : | |
| HARPER'S TREE AND STUMP | : | |
| REMOVAL, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is the Parties' Second Joint Motion for Settlement Approval (Doc. 6). Therein, the Parties seek the Court's approval of their amended proposed Fair Labor Standards Act (FLSA) settlement agreement and dismissal of the case with prejudice. For the reasons stated below, the Motion is **APPROVED**, and the case is **DISMISSED with prejudice**.

## BACKGROUND

Plaintiff Dontavius Heath brought this action against Defendants Harper's Tree and Stump Removal, Inc. and Donald Randolph Harper on October 30, 2020, alleging FLSA claims for unpaid overtime wages. (Doc. 1 ¶ 1). Plaintiff was notified of a deficiency and refiled the Complaint on November 2, 2020. (Doc. 2). The Court issued a summons (Doc. 3), but Defendants have not yet been served. (Doc. 4 at 1).

On January 28, 2021, the Parties filed their First Joint Motion for Settlement Approval and their Proposed Settlement Agreement and Release. (Docs. 4, 4-1). The Court denied the Motion because the Parties' release provision was overly broad but found that: (1) there was a bona fide dispute, (2) the settlement amount was fair and reasonable, and (3) the proposed attorney's fees were fair and reasonable. (*See* Doc. 5). The Court, however, granted the Parties leave to file an amended proposed settlement agreement within twenty-one days. (*Id.* at 6).

On April 29, 2021, the Parties timely filed the instant Motion and Amended Proposed Settlement Agreement and Release. (Docs. 6, 6-1). The Parties again represent that the Amended Proposed Settlement Agreement is fair and reasonable. (Doc. 6 at 1). The Parties further represent that Plaintiff had a "reasonable amount of time to consider th[e] settlement agreement and release and to consult with counsel regarding th[e] settlement agreement and release." (Doc. 6-1 at 5). In the Amended Proposed Settlement Agreement, Defendants have again agreed to pay Plaintiff a total settlement amount of $1,500.00. (Doc. 6-1 ¶ 1). This amount includes consideration for dismissal of Plaintiff's overtime claim but does not include liquidated damages. (*Id.*). Defendants will issue an IRS Form W-2 for Plaintiff. (*Id.*). Plaintiff's counsel will be paid $5,000.00 for attorney's fees and costs, for which Defendants will issue an IRS Form 1099. (*Id.*).

## DISCUSSION

The Eleventh Circuit has explained that claims for unpaid back wages under the FLSA may only be settled or compromised (1) when the Department of Labor supervises the payment of back wages or (2) when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (first citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); and then citing *Jarrad v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947)). Here, the Parties seek to have the Court enter a stipulated judgment. Before approving an FLSA settlement, the Court must review the proposed agreement to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1355; *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (holding that the *Lynn's Food Stores* requirement of judicial approval of proposed FLSA settlement agreements also applies to settlements between former employees and employers). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

In its previous Order, the Court found that there was a bona fide dispute, the proposed financial settlement represented a fair and reasonable compromise of Plaintiff's

claims, and that the attorney's fees were fair and reasonable. (Doc. 5). The Court, however, found the release provision was improper because it was overly broad. (*Id.* at 4–5). The Amended Proposed Settlement Agreement contains a revised release provision which has been narrowed to limit the release to Plaintiff's overtime claims only. (Doc. 6-1 ¶ 3). The revised release provision is no longer an overly broad "pervasive release." *Cf. Nichols v. Dollar Tree Stores, Inc.*, No. 1:13-CV-88 (WLS), 2013 WL 5933991, at *3 (M.D. Ga. Nov. 1, 2013) (finding that "pervasive releases" are "inherently unfair"). Thus, the Court finds that the Amended Proposed Settlement Agreement represents a "reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## CONCLUSION

Accordingly, the Parties Second Joint Motion for Settlement Approval (Doc. 6) is **GRANTED**, and the Amended Proposed Settlement Agreement (Doc. 6-1) is **APPROVED**. Plaintiff's claims against Defendants are **DISMISSED with prejudice**.

**SO ORDERED**, this 3rd day of May, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**